24144

Ernest A. BROWN, Petitioner v. STATE of South Carolina, Respondent.

(449 S.E. (2d) 494)

Supreme Court

*Assistant Appellate Defender Robert M. Pachack,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Deputy Atty. Gen. J. Emory Smith, Jr., Asst. Attys. Gen. Teresa Nesbitt Cosby* and *Teresa A. Knox,* Columbia, *for respondent.*

Submitted July 26, 1994.

Decided Sept. 19, 1994.

*Per Curiam:*

Petitioner was convicted of possession with intent to distribute crack cocaine and distribution of a controlled substance within the proximity of a school. This Court affirmed. *State v. Brown,* Op. No. 92-MO-42 (S.C. Sup. Ct. filed April 6, 1992). Petitioner now seeks a writ of certiorari following the denial, after a hearing, of his application for postconviction relief. We grant the writ on Question I and deny the writ on Question II. We dispense with further briefing, and affirm the denial of postconviction relief.

Petitioner contends that the trial court lacked subject matter jurisdiction because the indictments were true billed before the grand jury convened. We disagree.

Petitioner bases his argument on two portions of the indictments. On one page of each of the indictments, in the section designated as "Action of the Grand Jury," the words "True Bill" are written, along with the date October 19, 1990, and the signature of the foreman of the grand jury. Another page

of each of the indictments states that "At a Court of General Sessions, convened on October 22, 1990, the Grand Jurors of Aiken County present upon their oath. . . ." and then the crimes for which petitioner was charged are set forth. Petitioner misconstrues the meaning of the dates on the two pages of the indictments.

The county grand jury is empaneled during the first term of general sessions of the calendar year. *See* S.C. Code Ann. §§ 14-7-1550 to -1570 (Supp. 1993). By Administrative Order of the Chief Justice, the Chief Judge for Administrative Purposes in each judicial circuit is responsible for scheduling when the grand jury in each county within the circuit will convene to receive evidence and deliberate. Administrative Section, South Carolina Court Register, pp. CC ADMIN 3-4. This order specifically encourages the Chief Judge to convene the grand jury when the court of general sessions is not in session. After the grand jury has deliberated, it then reports its findings of "True Bill" or "No Bill" to the court of general sessions. This report may be made on the same day as the day the grand jury makes its findings, or it may be made at some later time.

In the present case, the dates show that the grand jury took action on the indictments on a date which was earlier than the date on which they made their report to the court of general sessions. As explained above, this is perfectly normal. Accordingly, the denial of postconviction relief is

Affirmed.